IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:25-cv-443

| | |
|---|---|
| KIMBERLY MARSHALL,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN DENTAL IMPLANTS AND ORAL SURGERY,<br><br>    Defendant. | COMPLAINT<br>(Jury Trial Demanded) |

**NOW COMES** Plaintiff, Kimberly Marshall, by and through the undersigned counsel of record, complaining of Defendant, Southern Dental Implants and Oral Surgery ("Southern") alleges and says unto this Court:

### I.    NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act (ADEA) of 1967, which prohibits discrimination on the basis of age. Kimberly Marshall, (hereinafter "Plaintiff"), brings this action to remedy discriminatory employment practices of her employer, Southern Dental Implants and Oral Surgery. Plaintiff alleges that Defendant discriminated against her based on her age, and retaliated against her.

### II.    PARTIES AND JURISDICTION

1. Plaintiff is a citizen and resident of Henderson County, North Carolina.

2. Plaintiff is a female over the age of 40 and is within a protected class.

3. At all times relevant herein, Plaintiff is a citizen and resident of North Carolina.

4. At all times relevant herein, Plaintiff was an employee of Defendant.

5. At all times relevant herein, Defendant was an employer of Plaintiff employing more than 15 (fifteen) employees.

6. Defendant is a dental office offering a wide range of services, including tooth extractions, dental implants, and bone grafting.

7. Plaintiff was employed by Defendant at Defendant's location at 349 Rockwood Rd, Arden, NC 28704.

8. Federal jurisdiction is proper under Federal Question Jurisdiction. Plaintiff brings this claim under federal statute.

9. Defendant is subject to the personal jurisdiction of this Court.

10. Venue is proper as Defendant's principal place of business is in Buncombe County, and the acts and/or omissions that gave rise to this action occurred there.

### III.   STATEMENT OF FACTS

11. The allegations contained in paragraphs 1-9 are incorporated as fully set forth herein.

12. Plaintiff began working for Defendant at 349 Rockwood Rd, Arden, NC 28704 as a Treatment Coordinator and acting manager.

13. Defendant is in partnership with Paradigm Oral Health, which is located at 2600 S 56th St, Lincoln, NE 68506.

14. On April 16, 2025, "Lexy" (a younger employee of Defendant) began issuing directives without communicating with Plaintiff.

15. On April 22, 2025, Plaintiff began discovering other younger employees under the age of 40 gossiping about her and her age.

16. On May 13, 2025, Plaintiff had a conversation with Dr. Rian Cho, who is the owner of Southern Dental (Defendant).

17. Dr. Cho stated to Plaintiff that "her time was running out."

18. On the same day, Plaintiff communicated with her supervisor, Dr. Nelson, and told him that she (Plaintiff) was not getting the support she (Plaintiff) needed from other employees and HR.

19. Plaintiff also informed Dr. Nelson that she told by HR to stay out of things and be quiet.

20. Around this time, Plaintiff also learned that more rumors were being spread about her, such as that Plaintiff did not like immigrant employees, which is untrue.

21. On May 14, 2025, Plaintiff was invited to a zoom call by Jenn, who is Defendant's Region 3 Manager. Present on the call was Dr. Cho, HR, Jenn, and Dr. Nelson.

22. Plaintiff was told by Jenn that "despite the support and training given over the past 7 weeks, [Plaintiff] was not improving, despite good job performance during that period.

23. Plaintiff was then terminated.

24. Plaintiff responded by stating that there were numerous unanswered emails sent by Plaintiff to HR and other staff, and no support was given to her, while support was given to younger employees.

25. Upon her termination, Plaintiff filed an EEOC complaint in September of 2025, citing ADEA violations and Retaliation for complaints brought regarding support under the ADEA.

26. On September 18, 2025, Plaintiff received a Notice of Right to Sue.

27. Plaintiff brings this action within the statutorily defined period.

# FIRST CAUSE OF ACTION
(ADEA Violations)

28. The allegations set forth in paragraphs 1 through 27 are re-alleged and incorporated by reference as if fully set forth herein.

29. The Age Discrimination in Employment Act (ADEA) prohibits an employer, as defined in the ADEA, from engaging in adverse actions because of their age. 29 U.S.C. § 623(a)(1).

30. To establish a claim for age discrimination under the ADEA, a plaintiff must prove by a preponderance of the evidence that age "was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Financial Services, Inc., 557 U.S. 167, 180, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009).

31. There are two ways in which a plaintiff may prove this and make out a claim for age discrimination under the ADEA.

32. First, a plaintiff may demonstrate "through direct or circumstantial evidence that ... age discrimination motivated the employer's adverse employment decision." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004) (en banc).

33. The second method of averting summary judgment is to proceed under a "pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Id.

34. This is the familiar McDonnell Douglas burden-shifting approach established for Title VII employment discrimination cases. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); see also Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006) (applying McDonnell Douglas in the context of an ADEA claim).

35. Here, Plaintiff can make a *prima facie* case of Age Discrimination under the ADEA.

36. Plaintiff is a member of a protected class as an individual over the age of 40.

37. Plaintiff suffered discriminatory treatment on account of her age.

38. Plaintiff was also not given an opportunity to address the concerns raised.

39. Upon Complaints to supervisors, Plaintiffs treatment worsened and Plaintiff was terminated.

## IV.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate monetary relief for discriminatory practices of Defendant;

2. Grant such relief as the Court deems necessary and proper in the public interest; and

3. Award Plaintiff his attorney's fees and costs of this action pursuant to the ADEA.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of facts raised by this Complaint.

Respectfully submitted this, the 16th day of December, 2025.

/s/ Lucas F. Colantonio
N.C.B.N.: 60818
Lucas@thecolantoniolawfirm.com

LC Law Group, PLLC
10520 Chapel Hill Rd. 904
Morrisville, NC 27560
Telephone: (919) 701-9664
*Attorney for Plaintiff*